SCOTT *v.* HARSHBERGER.

1. WILLS—PUNCTUATION MARKS NOT CONTROLLING.
   Punctuation marks are not controlling in the construction of a will.

2. SAME—PURPOSE IN CONSTRUING WILL IS TO ASCERTAIN INTENT OF TESTATOR.
   In the construction of a will, the primary purpose is to ascertain the intention of the testator as he has expressed it.

3. SAME—WILL CONVEYED ONLY LIFE ESTATE IN REAL ESTATE.
   Where a will did "give and bequeath" to testator's sister his house and lot, with contents, "including his furniture, pictures, and books. Also all liberty bonds," etc., for and during her natural life, she took only a life estate in the real estate, notwithstanding use of period instead of comma after the word "books," in view of use of words "give and bequeath" when applied to personalty, and "give, devise and bequeath" when applied to real estate, throughout the will.

Appeal from Barry; McPeek (Russell R.), J. Submitted May 2, 1928. (Docket No. 181, Calendar No. 33,371.) Decided June 4, 1928.

Bill by George C. Scott, administrator of the estate of Elizabeth A. Lake, deceased, against Elmer Harshberger and Wilson D. Lake, executors of the will of James L. Crawley, deceased, and others for a construction of a clause of said will. From a decree for defendants, plaintiff appeals. Affirmed.

*Calvin L. Bancroft,* for plaintiff.

*Kim Sigler,* for defendants.

Determination of intention of testator cardinal rule of testamentary construction, see annotation in 11 L. R. A. (N. S.) 67; 28 R. C. L. 211-213; 3 R. C. L. Supp. 1563; 4 R. C. L. Supp. 1805; 5 R. C. L. Supp. 1521; 6 R. C. L. Supp. 1711; 7 R. C. L. Supp. 980.

FEAD, C. J.    This is a bill to construe the following clause of the will of James L. Crawley:

*"Fifth:* I give and bequeath to my beloved sister, Mrs. Elizabeth A. Lake, (now my housekeeper) my house and lot known and described as follows:    Lot number eight hundred twelve (812) in the village (now city) of Hastings according to the recorded plat thereof, together with everything contained inside of said home, including furniture, pictures, and books. Also all Liberty Bonds and Government Stamps, mortgages, notes and any other personal property of which I shall die possessed, for and during her natural life, she to have all the use, benefit and profits therefrom during her lifetime and after the death of my said sister, Elizabeth A. Lake, I give, devise and bequeath the same as follows:

"To my friend, Will Couch, I give and bequeath the sum of two hundred dollars in appreciation of the many kindnesses he has shown me during my lifetime.

"To my niece, Julia Rock, if she be living at the time of the death I give and bequeath the sum of five hundred dollars, to be paid to her as soon as can be conveniently arranged after the death of my said sister, Elizabeth.

"I give and bequeath my Hunter case gold watch to my nephew, Edward Traver.

"I give and bequeath my open face gold watch and my diamond stud to my nephew, John Mate.

"All the rest and residue of my estate after the above bequests have been paid and after the death of my said sister, Elizabeth A. Lake, I give, devise and bequeath to my brothers and sisters who may be living at the death of my said Elizabeth A. Lake, to be divided equally among them, share and share alike."

The question is whether Elizabeth A. Lake, now deceased, took the fee or a life estate in the house and lot.

The construction must be determined from the will itself.    The only extrinsic aids are that the instrument was executed in January, 1925, by the judge of probate of Barry county, who had held the office since

1919 and had acquaintance with testamentary words. The other terms of the will throw little light upon the question. Aside from the usual provisions for payment of debts and funeral expenses, the appointment of executors and revocation of former wills, the testator set aside sums for markers for his own and his parents' graves, for the care of his cemetery lot, and gave a nephew $1,000 in money and a niece, Anna Harshberger, daughter of Elizabeth Lake, a house and lot.

The whole difficulty arises from the use of a period after the word "books" in the first subparagraph of paragraph fifth. If a comma had been there used, there could be no doubt but that Elizabeth A. Lake would have taken only a life estate in the house and lot. Punctuation marks are not controlling. 40 Cyc. p. 1403. The primary purpose is to ascertain the intention of the testator as he has expressed it. The subparagraph is, in reality, one sentence. There is no gift of a life estate in the personal property to Elizabeth Lake unless the granting words of bequest at the beginning of the paragraph be projected beyond the period. The word "also" links the sections of the sentence together and implies an equality of taking. The subsequent restriction to a life estate is not in terms confined to the personal property. The use of the period instead of a comma seems plainly to have been an error of the scrivener and the intent of testator to have been that the real and personal property be taken under the same terms, a life estate and use.

As pointed out by the circuit judge in his opinion, this view is sustained by the manner in which the scrivener employed words. Throughout the will, when personal property was bestowed, the terms used are "give and bequeath." In the gift of real estate or of realty and personalty, the words are "give, devise and bequeath." This distinction is found in the

legacies of money to the trustees of the cemetery association and to the testator's nephew, and of the real estate to Anna Harshberger. It is also consistently made in paragraph fifth in disposing of the residue after the death of Elizabeth Lake in case she took only a life estate and the fee in the house and lot was devised to the surviving brothers and sisters. This consistent differentiation indicates that if Elizabeth Lake was to take the fee, the word "devise" would have been used in the grant to her. The scrivener evidently thought the word "devise" inapplicable to the grant of less than the fee.

The circuit court construed the will as conveying a life estate in the house and lot to Elizabeth A. Lake with remainder over to the brothers and sisters of the testator in accordance with the residuary paragraph of the will.

The decree is affirmed, with costs.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.